IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:03-CR-00048-BR |
| | (3:11-CV-70021-BR) |
| **Plaintiff,** | |
| | OPINION AND ORDER |
| v. | |
| **MARK DAVID KELLER,** | |
| **Defendant.** | |

**S. AMANDA MARSHALL**
United States Attorney
**GREGORY R. NYHUS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**MARK DAVID KELLER**
14371-098
FCI Lompoc
Federal Correctional Institution
3600 Guard Road
Lompoc, CA  93436

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Mark David Keller's Motion (#33) to Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court **DENIES** Defendant's Motion and **DECLINES** to issue a certificate of appealability.

## BACKGROUND

On January 29, 2003, a federal grand jury indicted Defendant Mark David Keller for Transportation of Child Pornography and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(5)(B)(Case No. 3:03-CR-00048-BR).

On April 12, 2010, the government filed an Information in which it charged Defendant with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2)(Case No. 3:10-CR-00137-BR).

On April 14, 2010, Defendant entered a guilty plea governed by Federal Rule of Civil Procedure 11(c)(1)(C)[1] in both cases. In both cases Defendant pled guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

---

[1] Rule 11(c)(1)(C) provides in pertinent part that "the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement)."

2 - OPINION AND ORDER

In the Plea Agreement[2] Defendant acknowledged the nature of the plea agreement pursuant to Rule 11(c). Specifically, Defendant was advised in the Plea Agreement that "[u]pon acceptance, the Court is bound by the agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Defendant may not withdraw any guilty plea or rescind this plea agreement unless the Court does not follow the agreements or recommendations of the parties following acceptance." Similarly, in his Petition to Enter a Plea of Guilty, Defendant acknowledged:

> 9. In this case I am pleading "GUILTY" under Rule 11 (c)(l)(A) and Rule ll(c)(l)(C). My attorney has explained the effect of my plea under Rule 11(c)(1)(A) to be as follows:
>
>> My plea of guilty is under Rule 11 (c)(l)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss other charges against me; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea.
>
>> My attorney has explained the effect of my plea under Rule II(c)(l)(C) to be as follows:
>
>> My plea of guilty is under Rule 11(c )(1)(C); therefore, at the time of sentencing, the judge must either impose the specific sentence agreed upon by the prosecutor and me, or allow me to withdraw my plea.

At the change-of-plea hearing, the Court engaged Defendant

---

[2] Defendant signed a single Plea Agreement that encompassed both cases.

in the following colloquy regarding a plea pursuant to Rule 11(c)(1)(C):

> THE COURT: So let's talk just a little bit more about this process. 11(c)(1)(C) is the rule, and it's referred to in 13 your plea petition.
>
> Basically, it permits the parties -- in this case, you and the Government -- to bind the Court. Your plea of guilty, in other words, is conditioned on my accepting the sentencing outcome you all have negotiated.
>
> If after a sentencing investigation I determined that I am not willing to sentence you as agreed, then you would have the right to withdraw your guilty pleas to both counts.
>
> If I did decide that I was unwilling to sentence you, as you all had agreed, I would tell you what I thought the sentence should be, and you would have the option to preserve your plea if you agreed to that additional time. Presuming it's additional. I suppose it's always theoretically possible it could be the other direction. But your right to withdraw the guilty plea only arises if you are unwilling to proceed once I announce my decision.
>
> Do you understand?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: If that is what happened, then your guilty pleas would be withdrawn. The -- this plea agreement would be undone, and you would roll back to the status you have right now, accused of all the charges in the 2003 case, and the new charge in the California case, but presumed to be innocent. And then those charges would still need to be resolved in some manner. Right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: On the other hand, if I accept the proposal after the sentencing investigation is

complete, then these proceedings will come to a conclusion without any doubt as to what the sentence will be, without any right to appeal on your part because the plea agreement calls for you to give it up. And so the case will be over, effectively, with my announcement that, indeed, I accept the terms; if that's the way it goes.

    Do you understand?

    THE DEFENDANT:     Yes, your Honor.

* * *

    THE COURT:     So let me just talk about that a minute, in the context of the fact that this is a binding plea agreement on me. By pointing out, first, what the process would be if you did not have an agreement that binded me.

    What is most often the case is a defendant and the Government enters into a plea agreement that binds the parties but not the judge. . . . And in the ordinary course, these guideline agreements are very important because they help set the range under the sentencing guidelines for an advisory sentence that the judge should consider.

    Do you understand?

    THE DEFENDANT:     Yes.

    THE COURT:     Even in that setting, however, a judge has discretion to sentence above the guidelines, below the guidelines, right smack dab in the center of the guideline ranges; . . . So in the normal scheme of things, what appears in your plea agreement regarding guideline analysis as to where you place on the chart and what range results is more important than it is for you. Because in your case, though that information was used, I'm sure, to help pinpoint a range for you all to negotiate and then to ask me to accept, it does not actually determine the outcome here. What determines the outcome here is the fact that you all came to an agreement. And the issue is

whether I can conclude, as a matter of law, that
is a reasonable sentence.

In his Plea Agreement, Defendant agreed he "knowingly and voluntarily waive[d] his right to appeal from any aspect of the conviction and sentence on any grounds . . . ." Defendant also "waive[d] the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." At the change-of-plea hearing, the Court also engaged Defendant in the following colloquy regarding these waivers:

> THE COURT: On the other hand, if I accept the proposal after the sentencing investigation is complete, then these proceedings will come to a conclusion without any doubt as to what the sentence will be, without any right to appeal on your part because the plea agreement calls for you to give it up. And so the case will be over, effectively, with my announcement that, indeed, I accept the terms; if that's the way it goes.
>
> Do you understand?
>
> THE DEFENDANT: Yes, your Honor.
>
> * * *
>
> THE COURT: You give up, also, the right to bring any so-called collateral attack. This is sometimes understood to be a habeas corpus challenge or a post-conviction release challenge. People who haven't given that up, who are sitting in prison on a -- doing a prison sentence, who think some constitutional violation led to their incarceration and who have exhausted their appeal rights, can bring a habeas claim, trying to get out of jail; challenging the conviction or the length of the sentence

>       You're giving up that, too, except on three
> grounds that you're not permitted to give up:
> Ineffective assistance of your lawyer.  Newly
> discovered evidence, meaning evidence that you
> could not have known about despite all of the
> reasonable work you've gone through.  That if you
> had known about today, would have made a
> difference in how the case got resolved.  Or a
> future change in law which is made retroactive to
> pick up a case like yours, and that would make
> more lenient the disposition than you actually
> got.
>
>       Do you understand?
>
>       THE DEFENDANT:    Yes, your Honor.
>
>                 * * *
>
>       THE COURT:    Has anyone put any pressure on
> you, sir, to plead guilty when you don't want to?
>
>       THE DEFENDANT:    No, your Honor.
>
>       THE COURT:    Is the decision to plead
> guilty your own personal and voluntary decision?
>
>       THE DEFENDANT:    Yes, your Honor.

Defendant also agreed he "freely and voluntarily accept[ed] the terms and conditions of th[e] plea offer."  The Court also engaged Defendant in the following colloquy regarding defense counsel's performance:

>       THE COURT:    Mr. Schatz, I can see, is your
> lawyer.  Your papers indicate you and he have
> discussed your case fully and you understand the
> nature and seriousness of the charges you are
> facing.  True?
>
>       THE DEFENDANT:    Yes, your Honor.
>
>       THE COURT:    Have you had enough time with
> Mr. Schatz to consider these matters?

>THE DEFENDANT: Yes, I have, your Honor.

>THE COURT: Have you considered with him the evidence that the Government has produced to your lawyer in support of the charges? Have you considered the evidence that the Government has?

>THE DEFENDANT: Yes, your Honor.

>THE COURT: Have you considered investigative work or other options you wanted your lawyer to pursue to ensure that you could make an intelligent decision about whether to plead guilty or not? Have you considered that?

>THE DEFENDANT: Yes, your Honor.

>\* \* \*

>THE COURT: Have you had enough time to ask Mr. Schatz all of the questions you wanted to ask?

>THE DEFENDANT: Yes, I have, your Honor.

>THE COURT: Has he answered them?

>THE DEFENDANT: Yes, your Honor.

>THE COURT: Are you satisfied with his advice and services?

>THE DEFENDANT: Yes, I am, at this point, your Honor.

>THE COURT: You say "at this point."

>THE DEFENDANT: Well, up till today, as --

>THE COURT: Well, tomorrow is, I suppose, another day. But I want to be sure that --

>THE DEFENDANT: (Laughing.)

>THE COURT: -- you don't have any concerns about the relationship.

>            THE DEFENDANT:    No, no, your Honor.
>
>            THE COURT:    Because one of your
>       fundamental rights is your right to counsel.  And
>       it's important that that right be exercised
>       through having meaningful dialogue with your
>       lawyer.
>
>            What I'm understanding you to say is that
>       you've had that, and you're satisfied?
>
>            THE DEFENDANT:    Yes, I am.

At the hearing, the Court concluded it was "satisfied the defendant is fully competent . . . and he is making a knowing, intelligent, and voluntary waiver of his rights, including his right to grand jury Indictment."

On September 13, 2010, the Court sentenced Defendant to a term of 60 months imprisonment followed by three years of supervised release in Case No. 03-CR-00048-BR.  At the same time the Court sentenced Defendant in Case No. 10-CR-00137-BR to a term of 60 months imprisonment followed by three years of supervised release to be served concurrently with the sentence in Case. No. 03-CR-00048-BR.

On September 14, 2010, the Court entered a Judgment in Case No. 10-CR-00137-BR.  On September 15, 2010, the Court entered a Judgment in Case No. 03-CR-00048-BR.

On September 12, 2011, Defendant filed a Motion to Correct Sentence under 28 U.S.C. § 2255 in Case No. 03-CR-00048-BR in which he alleges he received ineffective assistance of counsel because if "[defense] counsel [had] adequately performed his

representation [of Defendant], he would have known that in the 2009 case of U.S. v. Autery, 555 F.3d 864 (2009) that the similarly situated defendant James Autery was sentenced to 60 months of **probation** for the same essential offense as [Defendant]."  Emphasis in original.

On April 5, 2012, the Court entered an Order directing the government to file a supplemental response to Defendant's Motion to Correct Sentence to address the impact of the Supreme Court's decisions in *Missouri v. Frye,* 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1375 (2012).

On July 3, 2012, the government filed a Supplemental Response to Defendant's Motion to Correct Sentence.

On July 26, 2012, Defendant filed a Rebuttal to Government's Supplemental Response, and the Court took this matter under advisement.

## STANDARDS

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). *See also Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Premo*, 131 S. Ct.

at 739. *See also Sexton v. Cozner,* 679 F.3d 1150, 1159 (9th Cir. 2012); *Ben-Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992)(citing *Strickland*, 466 U.S. at 687-88)). *See also Sexton*, 679 F.3d at 1159 (citing *Premo*, 131 S. Ct. at 739). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. *See also Detrich v. Ryan*, 677 F.3d 958, 973 (9th Cir. 2012). There is a strong presumption that counsel's assistance was adequate. *Strickland,* 466 U.S. at 689. *See also Sexton*, 679 F.3d at 1159. To overturn a guilty plea, the defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See also Smith v. Mahoney*, 611 F.3d 978, 988 (9th Cir. 2010).

To prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *See also Sexton*, 679 F.3d at 1159-60. "A reasonable probability is a probability sufficient to

11- OPINION AND ORDER

undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. *See also Sexton*, 679 F.3d at 1160.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland,* 466 U.S. at 697. *See also Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697. *See also Heishman*, 621 F.3d at 1036.

## DISCUSSION

Defendant moves to correct his sentence on the grounds that (1) he received a disproportionate sentence, (2) at the time of sentencing he was suffering from diminished capacity, (3) he should have received treatment instead of incarceration, and (4) he received ineffective assistance of counsel.

### I. Waiver of all grounds except ineffective assistance of counsel.

As noted, Defendant waived his right in the Plea Agreement to bring a § 2255 motion on any ground other than ineffective assistance of counsel. The Court engaged in a thorough colloquy with Defendant as to that fact, and Defendant indicated he understood. In addition, the materials supplied to the Court by

Defendant in advance of sentencing establish that Defendant was aware of the criminality of his conduct and was not suffering from any kind of diminished capacity. Further, as noted, at the April 14, 2010, change-of-plea hearing, the Court found Defendant to be fully competent to enter into the Plea Agreement and to waive his rights. Accordingly, the record reflects and the Court finds Defendant was not suffering from diminished capacity and his waiver was knowing and voluntary. The Court, therefore, declines to grant Defendant's Motion to Correct Sentence on the grounds that (1) Defendant received a disproportionate sentence, (2) at the time of sentencing Defendant was suffering from diminished capacity, or (3) Defendant should have received treatment instead of incarceration.

## II. Ineffective assistance of counsel.

Defendant also moves to correct his sentence on the ground of ineffective assistance of counsel.

### A. Standards

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler*, 132 S. Ct. at 1384 (citing *Frye*, 132 S. Ct. at 1386-87). *See also Padilla v. Ky.*, 130 S. Ct. 1473, 1486 (2010); *Hill*, 474 U.S. at 57. Accordingly, "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler*, 132 S. Ct. at 1384 (quoting *McMann v. Richardson*, 397

U.S. 759, 771 (1970)).

"In *Hill*, the Court held 'the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Lafler,* 132 S. Ct. at 1384 (quoting *Hill,* 474 U.S. at 58). In both *Frye* and *Lafler*, the Supreme Court made clear "the standard laid out in *Hill*" continues to apply when, as here, a defendant asserts ineffective assistance of counsel at the plea stage "led him to accept a plea offer as opposed to proceeding to trial." *Frye*, 132 S. Ct. at 1409. *See also Lafler*, 132 S. Ct. at 1384-85 (contrasts facts in *Lafler* to circumstances in *Hill* in which ineffective assistance of counsel led the defendant to plead guilty rather than to proceed to trial). Thus, when evaluating a claim of ineffective assistance of counsel based on an allegation that counsel's ineffective performance led the defendant to plead guilty rather than to proceed to trial, the Court must determine whether the defendant has shown "'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Lafler*, 132 S. Ct. at 1384 (quoting *Hill*, 474 U.S. at 59).

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. *See also Smith v. Almada*, 640 F.3d 931, 940 (9th Cir. 2011). In addition, the test to determine the validity of a

14- OPINION AND ORDER

guilty plea remains "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *Hill*, 474 U.S. at 56.  *See also Mahoney*, 611 F.3d at 988.

   B.   **Analysis**

Defendant contends his trial counsel fell below a reasonable standard because counsel failed to "advocate published holdings where similarly situated defendants with similar offenses were sentences to lesser periods of incarceration."  In his Rebuttal to Government's Supplemental Response, Defendant asserts counsel's alleged failure "negatively impacted [him] with the 'tainted' process of negotiating his plea agreement at a distinct disadvantage and clearly impacted the 'outcome' of the plea agreement itself."

Defendant asserts his counsel was deficient in advocating for and obtaining a lesser sentence when other defendants have received lesser sentences.  Defendant, however, points to only one allegedly similar case:  *United States v. Autery*, 3:06-CV-00387-JO, in which the defendant received 60 months of probation rather than incarceration.  As the government notes, the record in *Autery* reflects the court in that matter sentenced the defendant to probation against the recommendation of the government, defense counsel, the writer of the Presentence Report, and the plea agreement.  In addition, in a number of

other cases defendants with similar charges and backgrounds have received considerably higher sentences.  For example, in *United States v. Williams*, a defendant who pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) had a background similar to Defendant's background and was sentenced to 15 years imprisonment.  636 F.3d 1229, 1232 (9th Cir. 2011).  The Ninth Circuit held the defendant's sentence was not disproportionate in violation of the Eighth Amendment and that the district court did not err in sentencing the defendant to 15 years imprisonment.  *Id*. at 1233.

In any event, as noted Defendant pled guilty pursuant to Rule 11(c)(1)(C) and the record reflects he was fully aware that the effect of a plea under that Rule was to limit the Court's sentencing discretion in Defendant's case and either agree to sentence Defendant as the parties recommended or to reject Defendant's plea.  Thus, the terms of the Plea Agreement left the Court without discretion to sentence Defendant to "probation."

The Court concludes on this record that Defendant has not established defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.  *See Mak*, 970 F.2d at 618.  *See also Sexton*, 679 F.3d at 1159.  Considering all of the circumstances at the time of the guilty plea, the Court concludes defense counsel's

assistance was reasonable. Accordingly, the Court denies Defendant's Motion to Correct Sentence.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#33) to Correct Sentence pursuant to 28 U.S.C. § 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 10th day of August, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

17- OPINION AND ORDER